IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY JAMAL WHITE (#4493-17), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-860-B-BN |
| CHARLES EDGE, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* civil rights action under 42 U.S.C. § 1983, filed by Plaintiff Timothy Jamal White, a pretrial detainee at the Ellis County jail, has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should dismiss this action without prejudice to White filing, within a reasonable period of time to be set by the Court, an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief.

**Applicable Background**

White, suing only the Ellis County Sheriff; the Chairman of Correct Care Solutions ("CCS"); the Mayor of Waxahachie; and an administrator at the Ellis County jail, *see* Dkt. No. 3 at 3, alleges that, on November 27, 2017, "officers at the [jail] placed him in a freezing cell for over 13 hours" and "repeatedly stated that [he] should die or

freeze to death," *id.* at 4. He then alleges that he reported "nightmares, sleeplessness and trauma ... to nursing staff employees [of] CCS who refused to see [him]" and that "attempts to access the courts and seek relief were denied by [officials]." *Id.*

## Legal Standards and Analysis

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Similarly, where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, the Court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346; *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must

construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint[ – such as the facts, as alleged, are conclusory. And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted).

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). As a pretrial detainee, White's basic human needs are "protected by

the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords him "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

"Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas Cty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644-45). "At the outset, the Court must determine whether a plaintiff alleging violations of his Fourteenth Amendment rights is challenging a condition of confinement or an 'episodic act or omission.'" *Campos v. Webb Cty. Sheriff's Dep't*, No. 5:12-CV-7, 2014 WL 1379668, at *5 (S.D. Tex. Apr. 3, 2014) (citation omitted).

It appears here that White's claims against the defendants named – all of whom may be classified as supervisory defendants – are based on an isolated incident that occurred on November 27, 2017. *See* Dkt. No. 3 at 4. Where claims are "based on an episodic act or omission, the complained-of harm is a particular act or omission of one or more officials, and the case focuses on whether the official breached his constitutional duty to tend to the basic human needs of persons in his charge." *Price*, 2017 WL 3189706, at *5 (citations, quotation marks, and brackets omitted). But White has failed to allege facts from which it may be inferred that the named defendants "acted or failed to act with deliberate indifference to [his] needs" – which means his

Fourteenth Amendment claims are facially implausible. *Hare*, 74 F.3d at 648; *see, e.g., Francis v. Young*, No. 3:17-cv-2028-M-BN, 2017 WL 4535289, at *3 (N.D. Tex. Sept. 11, 2017) ("Francis has not alleged a plausible constitutional violation based on an episodic act or omission, as he has failed to allege (or allege facts that support a plausible inference) 'that [the defendants] acted or failed to act with deliberate indifference to his needs.'" (quoting *Sanchez v. Young Cty., Tex.*, 866 F.3d 274, 279 (5th Cir. 2017) (per curiam); original brackets omitted)), *rec. accepted*, 2017 WL 4513123 (N.D. Tex. Oct. 10, 2017).[1]

For these reasons, the Court should dismiss this action without prejudice to White filing an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief.

## Recommendation

The Court should dismiss this action without prejudice to Plaintiff Timothy Jamal White filing, within a reasonable period of time to be set by the Court, an

---

[1] *See also Galada v. Gatson-Riley*, No. 1:07cv937-LG-JMR, 2010 WL 3120069, at *12-*13 (S.D. Miss. June 24, 2010) ("Since 'vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Plaintiff's pleadings, even if accepted as true, fail to allege that Defendant Gatson-Riley was even aware that Plaintiff was being exposed to the allegedly unconstitutional confinement conditions, much less that Defendant Gatson-Riley imposed the particular conditions as a form of punishment.... After reviewing Plaintiff's Complaint and Amended Complaint, the Court is unable to conclude that Plaintiff's allegations warrant an inference of punitive intent on the part of Defendant Gatson-Riley. Plaintiff does not allege that the conditions at the jail were maintained either arbitrarily or purposelessly, and he presents no facts from which such an inference may fairly be drawn." (citation omitted)).

amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 25, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE